```
            IN THE UNITED STATES DISTRICT COURT
                         FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA
```

ELWIN HOLBERT POLLARD,                :
                                      :
         Petitioner                   :
                                      :
    v.                                :   CIVIL NO. 3:CV-16-373
                                      :
MARY SABOL,                           :   (Judge Conaboy)
                                      :
         Respondent                   :

FILED SCRANTON APR 01 2016 PER ___ DEPUTY CLERK

## MEMORANDUM
### Background

Elwin Holbert Pollard filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the York County Prison, York, Pennsylvania. Named as Respondent is Warden Mary Sabol of the York County Prison. Petitioner has also filed an *in forma pauperis* application which will be granted for the sole purpose of the filing of this action with this Court.

Petitioner claims entitlement to federal habeas corpus relief on the grounds that his continued detention by ICE pending deportation is unconstitutional. Service of the petition has not been ordered.

On March 10, 2016, Petitioner filed a notice of change of address indicating that he was presently residing at a private

1

residence in New York City.[1] See Doc. 4.

## Discussion

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-

---

[1] It is noted that the change of address notification was received nine days after the March 1, 2016 docketing of this action.

96 (1974)); see also Gaeta v. Gerlinski, Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As previously discussed, Petitioner has notified this Court that he has been released from ICE confinement and is presently filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 residing in the State of New York.

Since Petitioner has been released from custody, under the principles set forth in Steffel, his challenge to detention pending deportation is subject to dismissal as moot since it no longer presents an existing case or controversy. An appropriate Order will enter.[2]

RICHARD P. CONABOY
United States District Judge

DATED: APRIL 1st, 2016

---

[2] The Petition also seeks an award of compensatory damages. However, monetary relief cannot be properly pursued via a habeas corpus petition.